**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CHARLES DAVID DERRINGER, | § | |
| No. 1333397, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. 3:06-CV-1471-M |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:**  This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**Parties**:  Petitioner Charles David Derringer ("Derringer" or "Petitioner") is confined at the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Amarillo, Texas.  Respondent is the Director of the TDCJ-CID.

**Statement of the Case**:  On November 21, 2000, after Derringer entered a guilty plea in cause number F-0053424-LJ to the offense of aggravated assault with a deadly weapon and pleas of true to two enhancement paragraphs, the trial court deferred findings of guilt and placed him on

community supervision for a period of seven years.  As a condition of probation, the court

ordered Petitioner to report regularly to his probation officer, pay monthly probation fees and

perform community service, among other conditions.

On October 4, 2005, the State moved to adjudicate Petitioner's guilt and alleged that

Petitioner failed to report to his probation officer during the months of January 2004 through

September 2005, did not pay his probation fees as directed, and failed to perform any community

service hours.  On October 7, 2005,  Petitioner pled true to these allegations.  The trial court

adjudicated him guilty of aggravated assault with a deadly weapon enhanced by two prior

felonies and sentenced him to a term of thirty years imprisonment.

Petitioner appealed his sentence to the Fifth District Court of Appeals and on November

14, 2005, the court dismissed the appeal for want of jurisdiction.  *Derringer v. State*, No. 05-05-

01447-CR (Tex. App.- Dallas Nov.  14, 2005).  Derringer did not file a petition for discretionary

review.

On March 29, 2006, pursuant to Texas Code of Criminal Procedure article 11.07,

Derringer filed a habeas application challenging his conviction.  *Ex parte Derringer*, Appl. No.

64, 784-01 at 2.  The application was denied by the Texas Court of Criminal Appeals without

written order on the findings of the trial court without a hearing on May 24, 2006.  *Ex parte*

*Derringer*, Appl. No.  64, 784-01 at cover.

Petitioner filed the instant petition on August 9, 2006.[1]  On October 16, 2006,

---

[1]  Under the "mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers it to prison officials for mailing to the district court.  *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).  Derringer signed his federal habeas petition on Augst 9, 2006.  It was filed stamped on August 14, 2006.  For the purposes of the recommendation, it is assumed that Derringer placed his § 2254 petition in the prison mail system on the date he signed his petition.

Respondent filed his answer contending that Petitioner's claims are without merit.  Petitioner did

not file a traverse.

**Findings and Conclusions:**  Review of Derringer's claims is governed by the provisions of the

Antiterrorism and Effective Death Penalty Act ("AEDPA" or "the Act") because he filed his §

2254 petition after the effective date of the Act.  28 U.S.C § 2254 (1996).  The AEDPA, in

pertinent part, provides that a federal court cannot grant relief under § 2254 unless the

adjudication of a state prisoner's claim in the state court system, "(1) resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or (2) resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence presented in the state

court proceeding."  § 2254(d)(1)-(2).   Findings of fact made by a state court are presumed to be

correct absent clear and convincing evidence rebutting the presumption.  § 2254(e)(1).

In his first ground for relief, Petitioner essentially asserts that he was denied the effective

assistance of counsel by his attorney at the revocation hearing.  In both his article 11.07

application and in the present petition, Derringer claims that he was unable to read the plea

agreement which he signed on October 7, 2005, because he did not have his glasses and that his

lawyer failed to fully describe to him the contents of the document.  In his § 2254 petition, he

asserts the additional allegation that he did not understand that he was admitting guilt on the

charges to which he had formerly pleaded guilty and "true" on November 21, 2000.

In addressing this claim, the State trial court found he had knowingly and voluntarily

signed the plea agreement, *Ex parte Derringer*, Appl. No.  64, 784-01 at 22, and attached a

portion of the revocation proceeding to his order, *id*.  at 24-27.  This record shows that after

being placed under oath, the court reminded Petitioner of the fact that he had previously entered

a plea of guilty to the aggravated assault charge and true to the enhancement paragraphs.

Derringer affirmed his recollection of the prior proceeding.  The court then proceeded to advise

him of the consequences if he pleaded true to the alleged violations, including the fact that he

would have no right to appeal any disposition which the court might make.  Petitioner confirmed

that he understood the consequences.  The court then held up the plea agreement which

Derringer had signed and asked if he had reviewed it with his attorney and asked if he

understood.  Petitioner affirmed both the review and his understanding of the contents of the

agreement.

It is well-settled that when a defendant enters of plea of guilty to a criminal offense, the

trial record must affirmatively show that the guilty plea was intelligently and voluntarily entered.

*Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711 (1969).  However, neither the

United States Supreme Court nor the Fifth Circuit Court of Appeals has fully delineated the

constitutional standards, if any, that apply to a plea of "true" at a probation revocation hearing.

Courts in this district have assumed that, at a minimum, the record from a probation revocation

hearing must show that a plea of "true" was both voluntary and intelligent.  *Robinson v.  Dretke*,

No.  3:03-CV-2838-B, 2005 WL 1249485, at * 4 (N.D. Tex.  May 25, 2005), *adopted by* Order

(June 17, 2005) (Boyle, J.); *Whitten v.  Cockrell*, No.  3:01-CV-1487-D, 2003 WL 21509163, at

*7-8 (N.D. Tex.  Apr.  11, 2003).

A plea is considered "intelligent" if it is clear that the defendant was fully aware of the

direct consequences of his plea at the time it was entered, though he need not have understood

the "technical legal effect" of the plea.  *Bousley v. United States*, 523 U.S. 614, 619, 118 S. Ct.

1604, 1609 (1998) (citations omitted); *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir.1991) (citations omitted).  A plea is voluntary unless it is induced by threats, improper promises, deception, or misrepresentation.  *Bousley*, 523 U.S. at 619, 118 S.  Ct.  at 1609.

Where the defendant enters a plea of "true" to an alleged probation violation, this plea waives all non-jurisdictional defects in the proceedings except for a claim of ineffective assistance of counsel relating to the voluntariness of the plea.  *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.1983); *see also Brown v. Cockrell*, 32 Fed. Appx. 126, 2002 WL 334622, at *1 (5th Cir. 2002) (applying *Smith* in the context of a plea of "true" to a probation violation).  Habeas relief will be granted in this context only if the habeas petitioner establishes that: (1) the attorney's conduct was constitutionally deficient (cause) and (2) but for the such unprofessional errors, the result probably would have been different (prejudice).  *Strickland v.  Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct.  2052, 2064, 2068.  Failure to prove either prong of the two-part test forecloses relief.  *Id.* at 697, 104 S. Ct. at 2069.  In both his state and federal habeas cases, no specific act or omission on counsel's part is claimed–only that counsel did not fully explain the complete terms of the plea agreement.  Such a conclusory claim fails to assert a cognizable basis for relief.  *See*, *e.g.*, *Ross v.  Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).  Moreover, it fails to allege sufficient facts to establish the "cause" prong of the *Strickland* test.

On the day of his probation revocation hearing, Petitioner signed a plea agreement wherein he entered an open plea[2] of "true" to the probation violations alleged by the State.  Included in the form was the following statement: "If you are on unadjudicated community

---

[2]  A defendant enters an "open plea" when he has not entered into a formal plea bargain agreement with the State regarding the form and length of his punishment.

5

supervision, are found to have violated a condition of community supervision, and your guilt is adjudicated by the Court, no appeal may be taken from the Court's decision, and the Court may assess your punishment anywhere within the range provided by law for the offense." *Ex parte Derringer*, Appl. No. 64,784-01 at 39. Derringer acknowledged in signing the form, that "my attorney has explained to me, and I have read and I understand, all of the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are freely and voluntarily made with full understanding of the consequences." *Id*. at 40. In addition to his written acknowledgment in the written agreement, Petitioner affirmatively acknowledged his review and understanding of the agreement in open court, as noted above.

After Petitioner filed his state habeas application, the trial court entered a set of findings of fact and conclusions of law wherein the court found that Derringer reviewed the plea agreement before he signed it, that as part of the plea agreement he waived his right to appeal, and that he entered his plea knowingly, voluntarily and with the full representation of counsel. *Ex parte Derringer*, Appl. No. 64,784-01 at 22-23. The Court of Criminal Appeals denied Derringer's application on the findings of the trial court without a hearing. *Id*. at cover. Petitioner has not presented any evidence to overcome the presumption of correctness afforded the State court's findings of fact, *see* § 2254(e)(1), nor has he shown that the decision of the Court of Criminal Appeals was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. Therefore, Petitioner's first ground for relief should be denied.

Petitioner also alleges that he was denied the right to appeal his conviction. However, Petitioner waived his right to appeal when he signed the plea agreement, which explicitly stated

that he "knowingly and voluntarily waives appeal."   *Ex parte Derringer*, Appl. No.  64, 784-01 at 39.  Additionally, the trial court twice informed Petitioner that, by entering a plea of "true," he was waiving his right to appeal, *id.* at 25-26, and later entered a finding of fact that he had waived his right to appeal, *id.* at 22.  This finding was affirmed by the Court of Criminal Appeals.  *Ex parte Derringer*, Appl. No.  64, 784-01 at cover.  Petitioner has made no effort to show that this finding of fact was incorrect or that the Court of Criminal Appeals based its decision on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.  Therefore, Petitioner's second ground for relief should also be denied.

Petitioner also argues that he is entitled to habeas relief because the trial court imposed an excessive sentence after adjudicating his guilt.  According to Petitioner, the trial court erred when it sentenced him to 30 years imprisonment for "minor" probation violations.

Petitioner's argument that he was sentenced to a 30-year term of imprisonment for several probation violations evinces a fundamental misunderstanding of the legal effect of the trial court's revocation of his probation and adjudication of his guilt.  Under Texas law, after a trial court finds that a defendant has violated the terms of his deferred adjudication community supervision and adjudicates his guilt, "all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred."  Tex.  Code Crim.  Proc.  Ann.  art.  42.12 §5(b) (Vernon 2000).  This law as it applies to Petitioner was set forth in the plea agreement that he signed and was reiterated at his probation revocation hearing.  Thus, when the trial court imposed punishment in this case, the punishment was related to the crime for which petitioner earlier pled guilty–i.e. aggravated assault with a deadly weapon.  Under Texas law, this offense

7

is classified as a second degree felony with a punishment range of two to twenty years imprisonment.  *See* Tex.  Penal Code §§ 12.33 (Second Degree Felony Punishment); 22.02 (Aggravated Assault)  (Vernon 2000).  Because Petitioner pled true to the two enhancement paragraphs in the indictment, the applicable punishment range rose to 25 to 99 years imprisonment.  *See* Tex.  Penal Code § 12.42(d).  Therefore, the trial court's decision to impose a 30-year term of imprisonment was well within the state sentencing guidelines.

Where a trial court imposes a sentence that falls within the statutory guidelines for the criminal offense, a petitioner seeking federal habeas relief must show that the sentence was "wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion." *Davis v. Cain*, 44 F.  Supp.2d 792,  796 (E.D. La. 1999) (citing *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987)).  In this case, the 30-year prison sentence imposed by the trial court is at the low end of the sentencing range.  Petitioner has not presented any evidence to show that the term he received was the result of an arbitrary and capricious abuse of discretion.  Therefore, his claim is without merit.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the district court deny the petition on the

merits.


Signed this 7th day of February, 2007.

_____

Wm. F. Sanderson Jr.
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.